

# The Attorney General of Texas

December 21, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas 78061

Opinion No. H-1301

Re: Whether a magistrate who conducts a detention hearing in accordance with section 51.04, Family Code, must be a licensed attorney.

Dear Mr. Smith:

You have asked three questions relating to whether or not it is mandatory that a magistrate who conducts a detention hearing in accordance with section 51.04, Family Code, V.T.C.S., be a licensed attorney.

Your first two questions, which will be answered in conjunction with one another, are stated as follows:

(1) May 'any magistrate' (including one who is not a licensed attorney) preside over a Sec. 54.01 hearing (Detention Hearing) in accordance with V.T.C.A., Family Code, Sec. 51.04(f)?

(2) Would the definition [of V.A.C.P. art. 2.09, C.C.P. defining magistrates to include the judges of the Supreme Court, the judges of the Court of Criminal Appeals, the judges of the District Court, and the county judges] mandate the con clusion that the word 'magistrate' as understood and interpreted in the Code of Criminal Procedure have the same meaning and interpretation as in the Family Code? Would the county judge (who is not a licensed attorney) be considered 'any magistrate' as that term is used and understood in V.T.C.A., Family Code, Section 54.04(f)?

Under Title 3 of the Family Code, the juvenile court has exclusive original jurisdiction over proceedings relating to delinquent children and children who are in need of supervision. Family Code §§ 51.01, 51.04. See Attorney General Opinion H-1166 (1978).

Section 51.04 of the Family Code provides in part:

> (c)  In a county not having a juvenile board, the judges of the district, criminal district, domestic relations, juvenile, and county courts and county courts at law shall designate one or more of their courts as the juvenile court. . . .

Pursuant to this provision, the district court has been designated the juvenile court for Frio County.

Section 51.04(f) states:

> If the judge of the juvenile court or any alternate judge named under Subsection (b) or (c) of this section is not in the county or is otherwise unavailable, any magistrate may conduct the detention hearing provided for in section 54.01 of this code.

(Emphasis added).

Article 2.09 of the Code of Criminal Procedure defines magistrate to include the county judges.  A similar provision has long been part of Texas law.  Tex. Code Crim.  Proc. art. 42 (1879); see Acts 1858, 7th Leg., ch. 51, at 1101.  In our opinion, a county judge is a magistrate within section 51.04(f) of the Family Code.  See also R. O. Dawson, Family Code Symposium, Title 3:  Introduction and Commentary, 5 Texas Tech. L. Rev. 509, 521 (1974).

In the case Ex parte Ross, 522 S.W.2d 214 (Tex. Crim. App. 1975), it was held that the trial of a criminal case before a nonattorney judge was not in violation of the due process clause, and "[t]here is no constitutional or statutory requirement in Texas that a county judge be an attorney." Id. at 220.  The only qualification is that the judge be well informed in the law of the state. Tex. Const. art. 5, § 15.

Your third question is:

> Since the county does not have a juvenile board and since the district court is the designated court but is often unavailable and out of the county, is it mandatory that the district judge designate an alternate court, the judge of which is a licensed attorney, to preside over Sec. 54.01 hearings?

Section 51.04(d) of the Family Code provides:

> If the judge of a court designated in Subsection (b) or (c) of this section is not an attorney licensed in this state, there

> shall also be designated an alternate court, the judge of which is an attorney licensed in this state. The alternate juvenile court shall rule on motions and hold hearings as provided in Section 51.18 of this chapter.

(Emphasis added). This provision is applicable when the judge of the designated court is not an attorney. As previously noted, the district court has been designated pursuant to subsection (c). Since the district judge is required by law to be an attorney, see Texas Constitution article 5, section 7, section 51.04(d) is inapplicable in your case. The juvenile court may, however, appoint an attorney as referee to conduct detention hearings and certain other juvenile proceedings. See Family Code §§ 51.04(g), 54.01(l), 54.10.

## SUMMARY

A magistrate who conducts a detention hearing in accordance with section 51.04, Family Code, need not be a licensed attorney. Section 51.04(d) of the Family Code requires the designation of an alternate court when the judge of the juvenile court designated pursuant to subsection (b) or (c) is not an attorney.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn